# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THOMAS BEAUDOIN,

    Plaintiff,

v.                                      Case No. 08-CV-14289-DT

CHRISTINE C. WHITE, Michigan Racing
Commissioner; DARREL PARKER, State
Steward of Racing; A[NTHONY] GRANT, Huron
Twp. Police Officer; MR. GARRISON, State
Steward; THOMAS GRIFFIN, Steward;
RICHARD JEWELL, Racing Commission
Employee; and JIM BOWES, Lansing Racing
Commission Deputy,

    Defendants.
                                            /

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On December 31, 2009, the court issued an order granting the motion to dismiss filed by Defendants Christine C. White, Darrel Parker, "Mr. Garrison," Thomas Griffin, Richard Jewell, and Jim Bowes. The order resolved all remaining issues in this case and a judgment was issued the same day. On January 13, 2010, Plaintiff Thomas Beaudoin timely filed a motion for reconsideration. No hearing is required. *See* E.D. Mich. LR 7.1(g). For the reasons stated below, the court will deny the motion.

### I. STANDARD

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable,

manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

## II. DISCUSSION

### A. Timing of Motions

Plaintiff first argues that the court abused its discretion in "instructing" Defendants to file dismissal motions and "allowing" them to file the motions at "such a late date." Plaintiff's complaint was filed October 8, 2008, but after the time limit had passed for service of the complaint, Plaintiff had not effectuated service on several of the defendants. Thus, on April 3, 2009, the court issued an order requiring Plaintiff to show cause why the case against the unserved defendants should not be dismissed. After considering Plaintiff's response, the court ultimately dismissed the unserved Defendants and set a scheduling conference for June 1, 2009. After the scheduling order was issued, the State Defendants (all of the served Defendants except Defendant Grant) filed a dismissal motion on June 12, 2009, less than two weeks after the scheduling conference and within the time limit set by the court. (6/02/09 Order.) Discovery was suspended pending resolution of the motion on all Defendants except Defendant Grant, who thereafter filed a summary judgment motion on September 1, 2009.

Plaintiff complains that the court abused its discretion in allowing these motions to be filed.[1] The court acknowledges that there was an unusual delay between the filing

---

[1] To the extent Plaintiff asserts that the court "instructed" Defendants to file a motion to dismiss, the court rejects this spurious argument. The June 2, 2009 Order makes clear that during the scheduling conference, defense counsel informed the court that Defendants intended to file a motion to dismiss. The court merely set a schedule by which to file the motion, it did not "instruct" Defendants to file any such motion.

2

of the complaint and the first scheduling conference. This delay, however, was entirely due to Plaintiff's failure to effectuate service on all of the defendants. It is the court's practice to conduct scheduling conferences only after all defendants are served and have filed answers. The issues are better framed and it avoids having multiple conferences each time another defendant has been served and has answered. Here, after the issue of service had been resolved, the court immediately conducted a scheduling conference, and Defendants quickly filed their dismissal motion. Not only did Defendants comply with the court's deadline, but motions attacking the sufficiency of the pleadings can be filed under Federal Rule of Civil Procedure 12(c) at any time "[a]fter the pleadings are closed–but early enough not to delay trial." Fed. R. Civ. P. 12(c). There was no undue delay in this case, and the court did not abuse its discretion in "allowing" the State Defendants to file their motion to dismiss.

Further, the court did not abuse its discretion in "allowing" Defendant Grant to file his summary judgment motion on September 1, 2009. As an initial matter, any argument challenging the court's October 26, 2009 opinion granting Defendant Grant's summary judgment motion, is untimely. Defendant did not file his motion for reconsideration until January 13, 2010, and while it is timely brought with respect to the court's December 31, 2009 order, it was not timely with respect to the court's October 26, 2009 order. *See* E.D. Mich. LR 7.1(g)(1). Moreover, Defendant Grant's motion was filed under Rule 56 as a summary judgment motion, and such motions can be filed at any time until 30 days after the close of discovery. *See* Fed. R. Civ. P. 56(c). Thus, even if Plaintiff had filed a timely motion for reconsideration as to the order granting Defendant Grant's motion, the argument would be rejected.

## B. Filing of Amended Complaint

In the court's December 31, 2009 order, it stated:

> The court notes that on July 23, 2009, Plaintiff submitted a one-page, handwritten "Notice," in which he notified the court that he was in the process of preparing an amended complaint. No motion to amend the complaint has been filed, nor has Plaintiff submitted any such proposed amended complaint to the court for consideration. Similarly, on December 22, 2008, Plaintiff filed a document entitled "Defendant's have violated Plaintiffs Constitutional Rights under Color of Law," which purports to provide additional allegations or, perhaps, corrections to the complaint. The document was docketed as a "Statement of Constitutional Rights Violations," and was not accompanied by any motion, nor was Plaintiff granted leave to file such a document. The document is not recognizable as a motion to amend or a proposed amended complaint or as any other type of legitimate pleading under the federal or local rules. Despite Plaintiff's pro se status, he still must abide by the applicable rules of procedure and must also act diligently to preserve his rights. Plaintiff had every opportunity to file a motion to amend the complaint or some other type of proper motion. He did not. The court therefore bases this order on the complaint, as filed and without amendment, and will disregard both the December 22, 2008 filing as well as the July 23, 2009 filing. If this litigation were to proceed, the court would likely strike both documents as improvidently filed, but given Plaintiff's pro se status and the conclusion of this lawsuit, the court will allow the documents to remain on the docket.

(12/31/09 Order at 20-21, n.10.) Plaintiff complains that he had no "response" from the court to the July 23, 2009 "Notice," and thus, one week later he allegedly mailed a copy of the amended complaint to Defendants and attempted to file it with the clerk of court. Plaintiff further contends that he was advised by the court's case manager that he "file the document when Judge Cleland issued the order." (Pl.'s Mot. at 3.)

First, this judge is unpersuaded that his case manager, with whom he has worked for over ten years, would predict, to a pro se litigant or to any party or attorney, that the court would be issuing any order allowing an amendment when no motion had been filed. It is not the practice of the court's case manager to issue any prediction

4

whatsoever to the issuance of orders.  The court has questioned the case manager, who vaguely recalls Plaintiff bringing to her various documents purporting to be an amended complaint, but in reality were multiple documents, each document being a separate "count."  The court's case manager told Plaintiff that pleadings (complaints or amended complaints) should be contained in one document, not multiple documents for each count.  The court's case manager recalls also telling Plaintiff that he needed leave of court to file an amended complaint.  The court accepts his case manager's version of this conversation, rather than Plaintiff's.  Nonetheless, the court attributes Plaintiff's version to a misunderstanding or a faulty memory rather than any attempt at deliberate deception.

The July 23, 2009 "Notice" can simply not be interpreted as a motion to amend, even taking into account the less stringent pleading standard regularly accorded pro se plaintiffs.  Further, even if Plaintiff were unintentionally misled by the court's staff, he could have, at any time, filed a motion to bring to the court's attention his purported attempt to file an amended complaint.  The court does not act on letters, or notices, or any other attempt at one-sided communication with the court.  Nor, upon receiving the ambiguous "Notice," was the court somehow required to contact Plaintiff to find out if he would be filing a motion to amend, or otherwise ask him to explain the "Notice."  "District judges have no obligation to act as counsel or paralegal to pro se litigants."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004).   Even in the case of pro se criminal defendants, "[a] defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and "the Constitution [does not] require judges to take over chores for a pro se defendant that would normally be attended to by trained

5

counsel as a matter of course." *Id.* (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 183-84 (1984)). Thus, Plaintiff has not identified a palpable defect by which the court has been misled. The court did not err in observing that no motion to amend had been filed. The most that Plaintiff can argue is that he intended to file a motion to amend or that he wanted to file a motion to amend. The court acts on motions, not on intent. No motion was filed,[2] and Plaintiff's request for reconsideration on this point is denied.

### C. Statute of Limitations

Plaintiff next argues that, while he is challenging Stewards Ruling 79, he is only challenging its enforcement after March of 2006. Thus, Plaintiff asserts that at least a portion of his challenge is not barred by the statute of limitations. Plaintiff has already made this argument, and the court rejected his position in its December 31, 2009 order. (12/31/09 Order at 10-11.) A motion for reconsideration that presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997). Plaintiff cannot use a motion for reconsideration to renew the same arguments he has already asserted and his motion is denied on this issue.

### D. Due Process

Finally, Plaintiff attacks the court's conclusion that he had not stated a claim for a violation of his procedural due process rights. Specifically, Plaintiff appears to challenge the court's conclusion that Plaintiff had failed to identify any property right of which

---

[2]Further, Plaintiff has proven that he knows how to file motions, as he has filed two motions in this matter–one typed, one handwritten, but both clearly labeled as "motions." (*See* 8/21/09 Motion for Declaratory Judgment, 1/13/10 Motion for Reconsideration.)

6

Plaintiff had been deprived.  As with his statute of limitations argument, Plaintiff is improperly attempting to revive arguments that have already been rejected by the court. *Czajkowski,* 967 F.Supp. at 952.  In the court's December 31, 2009 order, the court explained why Plaintiff's complaint did not contain sufficient allegations identifying a valid property interest.  (12/31/09 at 13-17.)  In his motion for reconsideration, Plaintiff merely reasserts his previous position that he held a valid property interest in a Michigan license, without identifying how the court was misled in its conclusion that Plaintiff's complaint did not support this position.  A motion for reconsideration is not a vehicle by which to relitigate issues on which the court has already ruled.  *See* E.D. Mich. LR 7.1(g).

The only argument which has not, arguably, been presented before is his assertion that the court erred in failing to consider that Defendants allegedly deprived Plaintiff of his license in Ohio.  Nonetheless, the court addressed this possible argument in its December 31, 2009 order, stating in a footnote that "Plaintiff cannot rely on the Ohio Racing Commission's decision to rescind his Ohio license as a deprivation of a property interest, because the Defendants in this case owed no process to Plaintiff related to his Ohio license."  (12/31/09 Order at 17 n.9.)[3]  If Plaintiff desires to assert a claim *for violation of procedural due process* related to the loss of his Ohio license, he needs to sue the proper Ohio defendants.  Michigan officials owe no procedural duties (nor do they likely hold any official power) with respect to other state licenses.

---

[3]While it did not appear that Plaintiff was expressly relying on the loss of his Ohio license to state a due process violation, the court addressed this possibility in a footnote, given the ambiguous nature of Plaintiff's allegations and pro se complaint.

Accordingly, the court was not misled by any palpable defect in finding that Plaintiff failed to state a valid due process claim.[4]

### III.  CONCLUSION

IT IS ORDERED that Plaintiff's motion for reconsideration [Dkt. # 39] is DENIED.

           s/Robert H. Cleland
           ROBERT H. CLELAND
           United States District Judge

Dated:  February 18, 2010

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF System to their respective email addresses or first class U.S. mail disclosed on the Notice of Electronic Filing on February 18, 2010.

           s/Deborah J. Goltz
           DEBORAH J. GOLTZ
           Case Manager

---

[4] Moreover, even if Plaintiff had identified a palpable defect which misled the court into concluding that his complaint did identify a property interest, correction of this alleged defect would not result in a different disposition of the case. *See* E.D. Mich. L.R. 7.1(g)(3). The court also found that "even if Plaintiff had alleged a protected property right, his due process claims would nonetheless fail as he was provided adequate procedural safeguards before depriving him of a property interest."  Plaintiff's motion for reconsideration does not challenge this alternative reasoning.