**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

THOMAS BEAUDOIN,

    Plaintiff,

v.                                      Case No. 08-CV-14289-DT

CHRISTINE C. WHITE, et al.,

    Defendants.
                                      /

**OPINION AND ORDER DENYING PLAINTIFF'S
"MOTION FOR FEDERAL COURT JURISDICTION"**

Before the court is Plaintiff Thomas Beaudoin's "Motion for Federal Court Jurisdiction," docketed on October 18, 2010. In his pro se motion, Plaintiff requests that the court assume jurisdiction over Oakland County State Court Case No. 10-111746. Based on the documents before the court, it appears that Plaintiff Beaudoin instituted a case in state court to rescind "Stewards Ruling # 79" and to renew his racing license. According to Plaintiff, the state court initially granted the relief requested by Plaintiff, but then later set aside that ruling. The state court held that it did not have jurisdiction because of the ongoing federal action and then closed the case. (*See* Mot. Attachment at 9.) Plaintiff then attempted to file a motion with the Sixth Circuit Court of Appeals, asking that the Sixth Circuit assume jurisdiction over the state court matter. (Motion Attachment at 4.) A case manager with the Sixth Circuit returned the motion, unfiled, to Plaintiff, who then filed the instant motion in this court. After reviewing the materials submitted by Plaintiff, the court finds, for two reasons, that it lacks jurisdiction to grant the relief requested in his motion.

First, on March 17, 2010, Plaintiff filed a "Notice of Appeal" in this federal case, thereby divesting this district court of jurisdiction over this case. The filing of a notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982)(per curiam)). Plaintiff's appeal involves similar subject matter as that involved in his state court action and, to the extent that he is seeking to advance additional arguments in support of his federal claim, the court lacks jurisdiction pending a resolution of Plaintiff's appeal.

In any event, the court lacks jurisdiction to grant Plaintiff's requested relief for an additional reason. Plaintiff essentially seeks to appeal his state court case to this court. However, this court lacks subject matter jurisdiction over such claims under the *Rooker-Feldman* doctrine. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker-Fidelity Trust Co.*, 263 U.S. 413 (1923); *see Gottfried v. Med. Planning Serve., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998). Under the *Rooker-Feldman* doctrine, inferior federal courts lack authority to perform appellate review of state court decisions. *See, e.g.*, *Hart v. Comerica Bank*, 957 F. Supp. 958, 968-70 (E.D. Mich. 1997) (describing the *Rooker-Feldman* doctrine). The doctrine applies where, as here, the court is "presented with claims that raise issues which were the subject of, or inextricably intertwined with, state court decisions." *Id.* at 970. To the extent that Plaintiff seeks to challenge any decision of the state court, he should appeal that decision to the state court of appeals.

Accordingly, IT IS ORDERED that Plaintiff's Beaudoin's "Motion for Federal Court Jurisdiction" [Dkt. # 46] is DENIED.

                                                                         s/Robert H. Cleland  
                                                                         ROBERT H. CLELAND  
                                                                         UNITED STATES DISTRICT JUDGE

Dated: November 19, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 19, 2010, by electronic and/or ordinary mail.

                                                                         s/Lisa Wagner  
                                                                         Case Manager and Deputy Clerk  
                                                                         (313) 234-5522